UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NICHOLAS SMITH,

    Plaintiff,

-vs-                              CASE NO.:

CREDIT ONE BANK, N.A.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, NICOLAS SMITH, by and through his undersigned counsel, sues the Defendant, CREDIT ONE BANK, N.A. (hereafter referred to as "Defendant"), and in support thereof respectfully alleges the following:

## INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

2. The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." <u>Mims v. Arrow Fin. Servs., LLC</u>, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## **JURISDICTION AND VENUE**

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (DeKalb County), the phone calls were received in this District, and the Defendants transact business in DeKalb County, Georgia.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Georgia, residing in DeKalb County, Georgia, and resides in this District.

11. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

12. Defendant, CREDIT ONE BANK, N.A., is a corporation is a corporation with its principal place of business located at 585 Pilot Road, Las Vegas, NV 89119.

13. The conduct of Defendant which gave rise to the cause of action herein alleged occurred in this District, DeKalb County, Georgia, by the Defendant placing illegal calls to DeKalb County, Georgia.

14. Defendant, at all material times, was attempting to collect on a debt, (hereinafter the "subject account"), which was issued and/or serviced by Defendant.

15. Defendant knowingly and willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to five (5) times a day from approximately November 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to

dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will further testify that Defendant's calls utilized an artificial voice which asked him to "hold for an agent" when he answered the phone.

17. On or about November of 2015 Plaintiff first requested that the calls to his cell phone number (404) \*\*\*-0680 cease. Plaintiff has never had any account with Defendant. An agent of Defendant advised that Defendant was looking to speak with a "Nicholas Smith"; however the social security number associated with the account was different from that of Plaintiff. Thus, it appears that Defendant placed all calls to Plaintiff's cellular telephone in search of a third party who also has the name "Nicholas Smith."

18. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number was made without the "prior express consent" of the Plaintiff.

19. Plaintiff is the regular user and carrier of the cellular telephone number, (404) \*\*\*-0680, and was the called party and recipient of Defendants autodialer calls.

20. The autodialer calls from Defendant came from the telephone numbers including but not limited to (404) 963-8040 and (310) 504-3253, and when those numbers are called, a prerecorded voice answers and identifies the company as "Credit One Bank."

21. Despite actual knowledge that the number in question did not belong to the "Nicholas Smith" that Defendant was looking for, Defendant continued to call Plaintiff's cellular telephone repeatedly.

22. The Plaintiff received an estimated 300 total calls from the Defendant between November 2015 and the filing of this lawsuit.

23. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the number.

24. Despite actual knowledge of its wrongdoing, the Defendant continued the campaign of autodialer calls, well beyond the first time that the Plaintiff advised Defendant that the number did not belong to the party Defendant was searching for.

25. Defendant's corporate policies are structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

26. Defendant's corporate policies provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

27. Defendant has other federal lawsuits pending against it alleging similar violations as stated in this complaint.

28. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

29. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

30. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

31. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's

time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff (that did not belong to Plaintiff) through the use of automated/predictive dialing technology.

## COUNT I

### (Violation of the TCPA)

32. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34. Defendant violated the TCPA with respect to all of its autodialer calls made to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

35. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant had the wrong number.

36. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CREDIT ONE BANK, N.A., for statutory damages, actual damages, treble damages, punitive damages, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff